My name is Tom Young John, and I represent the petitioner in this case, Haptemicael. At this time, I'd like to reserve three minutes for your rebuttal. In this case, the petitioner was denied due process because both his removal and non-removal proceedings were fundamentally unfair, resulting in prejudice. With respect to his removal proceedings, the immigration judge characterized an equity, the petitioner's family, as a negative factor, an invalid or possibly fraudulent marriage, thus requiring a showing of countervailing equity. Did you present that claim to the BIA? I'm having a problem determining whether or not you exhausted your remedies on it. Yes, we did present that claim to the BIA. As a due process claim? As a due process claim. Or were you simply attacking the decision of the immigration judge on the abuse of discretion in not granting relief? Which would be one way of phrasing it, as a due process. I'm supposed to discern a due process claim out of an argument that an immigration judge abused his discretion in not granting relief? How do you get a due process claim out of that? If the immigration judge did not abuse her discretion in deciding the case the way that she did and making decisions that she did, then there would not be a due process claim. Well, why is there a due process claim anyway on the merits? I mean, what makes it a due process claim as opposed to a claim that she didn't follow the statute? The due process requires that the proceedings be fundamentally fair. Okay. And in that, the immigration judge mischaracterized her, the – But then you're just turning everything into a due process claim, right? You're just turning every factual disagreement into a due process claim. You're saying if she didn't take due – I'm sorry? Oh, I'm sorry? If she didn't use – if she didn't construe the facts as you thought she should construe them, it was a due process violation. Well, there's a standard that the immigration judge was supposed to – Well, exactly. And that's a statutory issue. But what makes it a due process issue? I don't know why this matters, but why is there a due process issue? Does it matter if it's a due process issue or a statutory issue? I'm not sure that it – well, it does matter because we're at the court of appeals. Yes. And if she – if it's not due process, then I'm not sure that we really have a case. Right, because we don't have jurisdiction to review an abuse of discretion, right? That's right. So isn't that the real problem here is you're trying to fit an argument that is otherwise barred by lack of jurisdiction and label it a due process claim. Right. It's clever, counsel, but if you've got a case that says you can do that, I'd be more than happy to read it. But I would argue that it's not an abuse of discretion to fail to follow the standard, the legal standard that the immigration judge was required to follow. The immigration judge actually used inequity, the family of the petitioner, as an adverse factor, mischaracterizing it as – But isn't the determination under the statute the hardship upon the family? Isn't that what the IJ has to wrestle with in determining whether or not the attorney general will exercise his discretion in granting the relief request? That is one of the factors. If the immigration judge looks at it and says, yeah, I really don't see any harm here, and in fact there is none, you're saying that turns the statute on its head. Why can't that be characterized as simply a failure of proof on the part of the petitioner to show that there's harm to the family sufficient to warrant an exercise of discretion? Well, Your Honor, the immigration judge was supposed to look at the family ties of the petitioner in the United States, his residence, long duration, evidence of hardship to him and to his family, his history of employment, existence of property and business ties, evidence of value and service to the community, proof of genuine rehabilitation, and other evidence attesting to his good moral character. And instead of looking to the evidence of his family as community ties to the United States, she looked at it and said, oh, this – effectively, she said, this could be a fraud marriage. Well, a fraud marriage in the immigration context results in a foreign national not being allowed to have any immigration remedy whatsoever. Well, where the marriage occurred a month before the immigration hearing, isn't it reasonable for the IJ to question whether or not the marriage was legitimate? It reminds me a little bit when I was handling criminal cases of girlfriends suddenly marrying their boyfriend defendant in order to invoke the marital privilege at the trial to not have to testify against them. Absolutely, Your Honor. So we always kind of looked with a jaundiced eye at a wedding that had occurred just before the criminal trial began. I would agree, except – What's wrong with the IJ wondering about a marriage that was consummated a month before the hearing? They had a child already at that time. Before they were married. Before they were married. So his response to that was, no, no, it's not a sham marriage. I'm doing the right thing now. I'm stepping up to my responsibilities as a father. And they had also lived together at a refugee camp for three years prior to coming to the United States. Is that your only argument or is there another one? I'm sorry? Is there another argument other than this one? I thought you had another argument having to do with notice of the possibility of adjustment of status. Oh. Well, the immigration judge also failed to tell the foreign national, Mr. Hab-to-Michael, that he could adjust his status in proceedings. That is the case. Well, could he adjust his status in proceedings? I thought he couldn't, actually. He had – well, with an I-130. I thought he could outside the exclusion proceedings, but not within it, which is what he eventually did. In other words, there are some circumstances, as I understand it, where you go – if there are deportation proceedings, you raise the adjustment status within the IJA proceedings. But for exclusion proceedings, it has to be off – there's a different procedure, which is the one that was eventually used. So it wasn't within the IJA proceedings, and I'm not sure there was any obligation – there wasn't any obligation to give that notice, was there? And we are willing to leave that argument behind us. Okay. So you just have the one – that's what I'm trying to find out. So you just have the one argument at this point. Yes, Your Honor. Also, it was – with respect to the non-removal proceedings, they were also fundamentally unfair because the Department of Homeland Security's demand that the I-601 waiver be submitted to it for adjudication resulted in prejudicial error. How can we review that? Hmm? How can we review that? It isn't incorporated in any kind of final order. Well, it was – It's not in our jurisdiction, is it? It was – it was actually the – what we were requesting in the habeas petition itself. It requested that the immigration judge be given the chance to adjudicate the 212-H waiver. And since we had – we had requested that before U.S. district court – Yeah, but – but our jurisdiction is different. Under the Real ID Act, we can only review issues that have been exhausted and that result in a final order of removal. So at this point, how do we have jurisdiction over who did what outside of the exclusion proceedings? Well, that's exactly what the Department of Homeland Security was – was trying to do, was by taking over – by requesting that the waiver be submitted to it, as opposed to be submitted to the immigration judge, which is what we had requested. We had requested that the waiver be submitted to the immigration judge. And by – by demanding that the waiver be submitted with the agency instead of with the immigration judge, they took away from this Court jurisdiction. Well, so what? I mean, it happens all the time. I mean, there – the prosecutorial decisions are the – are within the discretion of the attorney general. So where it decides to initiate a proceeding or which ones it decides to initiate by statute is up to the attorney general. We don't get into the Act until the end of the day when there is a final reviewable order that's been exhausted. But where it appears that they weren't even interested in granting the – the 212H waiver, where they took it in – in bad faith, as it were, to take – to take it away from an unbiased adjudicator, to take it away from the immigration judge, that raises a due process claim. But I – for the reasons I stated before, it's my understanding that this is not – was actually probably not a prosecutorial decision. I may be wrong about this, and you can help me understand it. But instead, that the statutory and regulatory scheme sets up two routes for making the adjustment of status decision, including the waivers, one for exclusion proceedings and one for deportation proceedings, or at least – and that, therefore, the decision to do this in the agency, rather than before the AIJ, was a decision made by the statute and regs, not by the prosecutor. Is that wrong? Well, actually, Your Honor, because exclusion – all right. Exclusion proceedings pending on and after April 1st, 1997, did not – sections 309C.1.3 of IRIRA do not distinguish between those charged with inadmissibility and those charged with deportability. And a 212H waiver was, therefore, available to have to Michael in his exclusion proceedings, as would be adjustment. So they didn't – at that time, there was not – But you wanted the waiver for a different – maybe I'm – this is so confusing that I could be totally off, but I – the waiver you're talking about is a waiver with – that applied to the adjustment of status. Is that right? Well, there are two rounds to adjustment of status. There's one as a refugee, and there's one based on marriage. We would also – Right. I'm talking about the marriage one. You're talking about the marriage one. The marriage one. You already lost the refugee one. That one was adjudicated, by the way. It was adjudicated, but it was also mentioned again in the habeas petition, and it is also before this Court. All right. Okay. The previous reason for lack of jurisdiction, the last time we were here, before this Court, no longer exists because of the Real ID Act. Right. So is that what you're talking about? You're talking about that waiver, the waiver from refugee status, not the waiver with regard to the marriage? With respect to which question? What is it you're now asking us to – saying was unfair? Which one are you saying was taken away? They're both unfair. All right. You said one of them was taken out of this proceeding. Which one is that? One of them is definitely in this proceeding. The waiver with regard to the marriage is in this proceeding. No. With regard to the refugee status, it's in this proceeding and before us. Right? Yes, Your Honor. Yes, Your Honor. But you don't have a – the only argument you have about that is the one you already made. Okay? Right. Now, there's another waiver, which has to do with the adjustment of status. And you're saying that that was somehow gobbled out of this proceeding. That's right. And I'm asking, did it ever have any right to be in this proceeding? Did it have a right? Was it – does the statute provide for it to be in this proceeding as opposed to be in the other – in an administrative proceeding? Well, it could go either way. It could have been adjudicated by the immigration judge. And traditionally, when there are removal proceedings or exclusion proceedings or deportation proceedings pending, it's not within the jurisdiction of the Department of Homeland Security to adjudicate without the permission of the immigration judge. But in this case, they did so. And then they denied it. The timing of the denial, I thought, was telling. It was denied two days after our opening brief was due. And that – the timing – why would they do that? Why would they do that? Well, I still have the same question. Why – how can we review it? Until it's – until it has run its course through the system. What you really want us to do is to simply declare by judicial fiat a procedure that is contrary to what the regulations say. And I don't know how we have the power to do that. As much as we would like to write regulations and statutes for the legislative and executive branch, the Constitution doesn't give us that authority. Which still – excuse me – which still leaves us with the waiver that – the waiver of the two – the 209C waiver of excludability is still before this Court. We understand that. Okay. Your time has massively expired, so we'll now hear from Mr. Pickrell. Thank you, Your Honor. Good morning, and may it please the Court, my name is Christopher Pickrell. I'm the assistant U.S. attorney here in Seattle, appearing on behalf of the respondent. We begin by proposing a rhetorical question, and that is, what exactly is the subject of this habeas case that's been converted into a petition for review? We know that the merits of the exclusion order have already been adjudicated by this Court several years ago. And in connection with that litigation and the present litigation, the petitioner has readily admitted his conviction for a crime of moral turpitude. He doesn't deny that. While he is waffled as to what he exactly did to the 14-year-old's own question, it is clear from Addendum 2 of the government's brief to this Court that he now admits that he, quote, fondled the vagina, unquote, of the 14-year-old girl. If the merits of the exclusion order are not before this Court, what is? Well, we have the existing pending applications for a waiver and to adjust status. Both of those are now on appeal to the CIS Office of Administrative Appeals Office. I have two questions about that. First of all, is that ever judicially reviewable, coming up through that route? Is there some means by which that's judicially reviewable? Yes. It's not easy, but there's a consensus. There's no direct appeal from the AAO decision. However, you can take that denial, move the BIA to reopen your exclusion proceedings, presumably or possibly the BIA will deny the motion to reopen, and then that is a new final order that can be brought to this Court under a fresh petition for review. On the merits of the waiver question? I mean, I understand it's not the merits because that's presumably covered by the discretion exclusion, but on whatever the Real ID Act would apply. Or is it simply going to be that the BIA didn't have any need to reopen because this is what the agency decided? I'm just curious, because I'm not sure I've managed this proceeding, but is there any way that there's some appeal of right to some piece of that decision? It's hard for me to know how the Petitioner would characterize his motion to the BIA to reopen his exclusion. But suppose there was a legal, a clear legal issue in it. I mean, you know, they've applied the wrong standard. That would be reviewable, you think, in some fashion? I think we would just revert to the normal standards of review that we have in a great many of these immigration cases, arguing that the BIA erred or was not substantially justified in its decision. And then the second question is the one I was asking before, and this is probably just my confusion. But is this proceeding, the one that's now in the administrative proceeding, is that an administrative proceeding as a matter of choice or as a matter of statute and regulation? My understanding is it's a matter of choice, but the agency invites people to appeal to the AAO to make a record, to allow the agency to consider its appeal of the lower level of the local CIS denial of the refugee and the adjustment. Could he have made a motion for adjustment of status within the exclusion proceedings and therefore had the right to adjudicate both that and the waiver within the exclusion proceedings? He could have and did file the application for the so-called 209C waiver in the exclusion proceeding. That's the refugee one, though, but I'm talking about the other one. No. He couldn't. He could not. So why is it a choice, then? I guess I misunderstood Your Honor's question. What I was trying to say is, do all applications for adjustment of status and for waivers from variance to adjustment of status for purposes of marriage have to go through this administrative proceeding as opposed to being raised in an exclusion proceeding? I'd say the great majority are raised in removal proceedings, so-called deportation proceedings. So they can be raised that way? Yes, and typically it is. But he just didn't raise it? I'm just confused by how it got off in his other place. At the time of his exclusion proceedings, this was back in the 1990s, he was unmarried until one week before the exclusion hearing. At that point, his wife was not yet a U.S. citizen, so she could not file an I-130 petition. She was an LPR, but she was years away from being able to present an I-130 that could be drafted because of the priority dates. So we would say that this is a false issue before the Court now. This man was not entitled to raise, much less to qualify for a 212H waiver back at the time of his exclusion proceedings. And that's why it most recently has been submitted to the CIS, which denied it, and now it's on appeal to the AAO. We contend that this petitioner has been treated fairly by the U.S. government, and I would also say leniently by the government initially joining in his motion to ask the BIA to accept his late file brief on the first petition. And then later, when the case got into U.S. District Court, the government agreed to stay the lawsuit to allow adjudication in some of these matters. Then the REAL ID Act intervened, and this is a claim that can no longer survive in habeas before this Court now, and is totally, to the extent there is a claim before this Court, it is unexhausted. His remedy is to await an AAO decision, and if the decision goes against him, to move to reopen before the BIA. That would be the only route that I'm aware of that he could get before this Court, and we're a long way from that. Thank you. Thank you, counsel, both of you. The matter just argued will be submitted. And we'll next hear argument in Osuna Samaniego.
judges: Rymer, Berzon, Tallman